UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHNNY GODFREY, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7377 |
| FIRST STUDENT ET AL. | * | SECTION "H" (2) |

## ORDER AND REASONS

Before me is Plaintiff Johnny Godfrey, Jr.'s Motion to Appoint Counsel. ECF No. 8. Plaintiff seeks appointment of counsel in this case alleging race, color, and sex discrimination for which he has been granted *in forma pauperis* status. ECF Nos. 3, 9. Plaintiff asserts that he cannot afford counsel, and has been unable to obtain counsel. ECF No. 8. In response to the court's January 16, 2024 Order directing Plaintiff to certify in writing the steps he has taken to secure counsel (ECF No. 11), Plaintiff filed three documents. *See* ECF Nos. 13, 17, 19.

## I.   BACKGROUND

Plaintiff alleges that he was treated differently, paid less, and wrongfully terminated from various jobs in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, ECF No. 3 ¶ II-III. He requests appointed counsel to represent him in this civil action.

## II.   APPLICABLE LAW

The appointment of counsel in a civil case is a privilege, not a constitutional right.[1]

Title VII does provide a statutory basis for the appointment of an attorney upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). Courts consider: (1) the merits of the claims of discrimination; (2) the efforts taken by plaintiff to obtain counsel; and

---

[1] *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Naranjo v. Thompson*, 809 F.3d 793, 801–02 (5th Cir. 2015).

1

(3) plaintiff's financial ability to retain counsel.[2]  The evaluation of the merits of the claim is most important, considering the unfairness of imposing service upon a member of the bar particularly when there is little chance of success,[3] though no one factor is conclusive.  Further, determinations by the EEOC are "highly probative" of the merits of a plaintiff's case and properly considered when assessing a request to appoint counsel.[4]  These factors are suggestive, not exclusive.[5]

Appointment of counsel is also available under the *in forma pauperis* statute.  28 U.S.C. § 1915(e)(1).  This statute requires "exceptional circumstances" considering (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case;[6] (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[7]  Section 1915(e)(1)'s "exceptional circumstances" standard does not apply to Title VII cases that are not filed *in forma pauperis*.

While Title VII and § 1915(e) authorize the appointment of counsel, a litigant has no **right** to a court-appointed attorney in a civil case.[8]  The decision whether to appoint counsel rests within the sound discretion of the trial court,[9] and the court may not appoint counsel as a matter of course or ordinary practice.[10]  The court should consider whether appointment would be a service to the

---

[2] *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)).
[3] *Buesgens v. Snow*, 169 F. App'x 869, 871 (5th Cir. 2006).
[4] *Paskauskiene,* 527 F. App'x at 333) (citing *Gonzalez*, 907 F.2d at 580).
[5] *White v. United States Pipe & Foundry Co.,* 646 F.2d. 203, 205 (5th Cir. 1981) (citation omitted).
[6] *Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412 (5th Cir. 2006) (citing *Buesgens,* 169 F. App'x. at 870–71).
[7] *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer*, 691 F.2d at 213; *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001); *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).
[8] *See FTC v. Assail, Inc.,* 410 F.3d 256, 267 (5th Cir. 2005) (constitutional right to counsel does not apply to civil *pro se* litigants); *Gonzalez*, 907 F.2d at 579 (no automatic right to appointment of counsel in Title VII case) (citing *Caston*, 556 F.2d at 1309).
[9] *Gonzales*, 907 F.2d at 579 (citing *Caston*, 556 F.2d at 1308).
[10] *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Becken*, 256 F.3d at 353–54.

court and all parties in the case by "sharpening the issues . . . . , shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."[11] *See also* April 22, 2014 Resolution of the En Banc Court of the Eastern District of Louisiana concerning appointment of counsel from this Court's Civil Pro Bono Panel (permanently adopted on Oct. 5, 2016).

### III.   ANALYSIS

The court granted Plaintiff's motion to proceed *in forma pauperis*, and thus, he has sufficiently established the financial inability to retain counsel. ECF No. 9.

Before counsel may be appointed under Title VII, however, a claimant must make a reasonably diligent effort to secure counsel without the court's assistance. A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement.[12] Moreover, the claims in this case include a provision for the award of attorneys' fees to the prevailing party, which is relevant to the analysis.

Plaintiff's motion and responses fail to set forth with specificity what efforts he has undertaken to obtain counsel on his own behalf. Although Plaintiff contends that he has "contacted so many attorneys," he has failed to identify the specific attorneys contacted. In an attachment to his second response, Plaintiff provides a link to a Google Photo album that features the names of three law firms, Morris Bart, VPS Law, and Morgan & Morgan, all of which specialize in personal injury claims, not employment litigation. Given the potential availability of a fee award, Plaintiff must undertake reasonable efforts to locate qualified attorney on his own behalf before it is proper for the court to consider appointment of counsel. Plaintiff should, for

---

[11] *Ulmer*, 691 F.2d at 213.
[12] *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999); *see also Smith v. Baton Rouge Radiology Grp.*, No. 12-400, 2013 WL 3246142, at *2 (M.D. La. June 24, 2013) (plaintiff failed to make diligent effort to obtain counsel where she contacted several attorneys, but failed to "state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney").

3

instance, consult the Louisiana Board of Legal Specialization's website, which provides a list of Employment Law Specialists,[13] and other agencies, such as the New Orleans Pro Bono Project.

IV.   **CONCLUSION**

Plaintiff has failed to identify his efforts to obtain counsel.  Absent sufficient information to enable this Court to exercise its discretion to compel unwilling counsel to represent him or even whether there is a sufficient basis to seek a volunteer attorney from the EDLA's Civil *Pro Bono* Panel, the motion must be denied at this time.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel (ECF No. 8) is DENIED WITHOUT PREJUDICE as stated herein.

New Orleans, Louisiana, this 16th day of February, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[13] *See* https://www.lsba.org/Specialization/Specialist.aspx?Spec=Employment.