UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JOHNNY GODFREY, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7377 |
| FIRST STUDENT, ET AL. | * | SECTION "H" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Johnny Godfrey, Jr.'s Motion to Grant Court Winnings and Issue Warrants in which he seeks issuance of a warrant "for each person who ignored the summons sent over to them who had 22 days to respond but didn't who signed and sent over green card back to [him] that was sent over to the courthouse" and an order for "these people to pay [him]." ECF No. 50.

A.   **Service Deficiencies**

Under Federal Rule of Civil Procedure 4(c), a summons and copy of the complaint must be served on each defendant. Rule 4(h) allows a corporation to be served in a judicial district of the United States by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" or (2) by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

Plaintiff appears to have attempted service by certified mail. Louisiana law requires that service of a citation on a domestic corporation be made by personal service on any one of its agents for service of process. LA. CODE CIV. PROC. art. 1260. Service by certified mail is only proper for non-resident corporations in accordance with Louisiana's long arm statute, which is not applicable here. LA. REV. STAT. § 13:3201. Therefore, it appears that Plaintiff has not properly

served several domestic corporations insofar as he attempted service via certified mail. *See, e.g.,* ECF No. 20.

### B. Analysis

In this case, Plaintiff has been granted pauper status pursuant to 28 U.S.C. § 1997. Accordingly, he is entitled to request that the U.S. Marshals Service effect service.[1] Plaintiff is still responsible, however, for providing the proper service information, having the summons issued, and furnishing the necessary copies to the U.S. Marshals Service to allow service within the time allowed by Rule 4(m). FED. R. CIV. P. 4(c)(1).

Only a *properly served* defendant is obliged to file an answer within 21 days, unless it has timely waived service under Rule 4(d), in which event the defendant must answer within 60 days. FED. R. CIV. P. 12(a). Even if the defendants at issue had been properly served, the request for issuance of a warrant is improper. When a defendant fails to timely respond after proper service, the plaintiff may submit evidence of that failure and request that the clerk enter a default judgment against the non-appearing party. FED. R. CIV. P. 55(a). Unless and until a final judgment is issued awarding plaintiff monetary relief, there is no basis to "grant court winnings," "issue warrants," or "order these people to pay" the plaintiff, as requested. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Grant Court Winnings and Issue Warrants (ECF No. 50) is DENIED.

New Orleans, Louisiana, this \_\_\_15th\_\_\_ day of March, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] FED. R. CIV. P. 4(c)(3); *Ellibee v. Leonard*, 226 F. App'x 351, 358 (5th Cir. 2007) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).