UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHNNY GODFREY, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7377 |
| FIRST STUDENT, ET AL. | * | SECTION "H" (2) |

## ORDER AND REASONS

Before me is Defendant Nabors Offshore Drilling's Motion for More Definite Statement.  ECF No. 69.  Plaintiff filed a belated Response Memorandum.  ECF No. 72.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the written submissions of counsel and the *pro se* Plaintiff, and the applicable law, the motion is DENIED for the reasons set forth herein.

## I.   BACKGROUND

Plaintiff filed this suit *pro se* alleging that he was treated differently, paid less, and wrongfully terminated from various jobs in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, ECF No. 3 ¶ II-III.  Defendant Nabors Offshore Drilling ("Nabors") then filed this motion for more definite statement, arguing that Plaintiff's Complaint fails to assert any specific allegations against Nabors, including dates of employment and the names of individuals who allegedly discriminated against him.  ECF No. 69-1 at 1-2.  On that basis, Nabors contends the petition is "so vague and ambiguous regarding an employment discrimination claim that Nabors cannot reasonably prepare a response." *Id*. at 2.  In Response, Plaintiff asserts that he has raised claims of defamation, discrimination, wrongful termination, "Under Pay," sexual harassment, "losses in life," slander, and libel.  ECF No. 72.  Plaintiff then provides definitions for some of these terms.  *Id*. at 1-4.

## II.   <u>LAW AND ANALYSIS</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not provide "detailed factual allegations," but must simply provide the plaintiff's grounds for entitlement to relief.[1]

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response."[2]   Rule 12(e) essentially provides a remedy for unintelligible pleadings, and is successfully invoked where "(1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice."[3]   A Rule 12(e) order is a proper remedy where allegations in a complaint are "conclusory, confused, and unclear," but do not "justify dismissal of the suit on the merits and without leave to amend."[4]   A Rule 12(e) motion must state the defects in the pleading and the details desired.[5]

Motions for more definite statements are generally disfavored because of the liberal pleading standards of Rule 8.[6]   If, however, a pleading "fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[7]   That said, discovery, not a motion

---

[1] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[2] FED. R. CIV. P. 12(e). Rule 12(e) looks to "whether the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer."  *Coleman v. H.C. Price Co*., No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) (citations and quotation omitted); *see also Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc*., 235 F.R.D. 632, 633 (E.D. La. 2006) (noting the standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it") (quoting *Advanced Commc'ns Techs., Inc. v. Li*, No. 05-4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (internal citation omitted)).
[3] *Dubuque Barge & Fleeting Serv., Inc. v. Plaquemines Par. Gov't*, No. 10-0516, 2010 WL 1710372, at *2 (E.D. La. Apr. 23, 2010) (citations omitted).
[4] *See Cates v. Int'l Tel. & Tel. Corp*., 756 F.2d 1161, 1180 (5th Cir.1985).
[5] *Alford v. Chevron U.S.A. Inc*., 13 F. Supp. 3d 581, 590 (E.D. La. 2014).
[6] Rule 8 simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests.  *See, e.g., Alford*, 13 F. Supp. 3d at 590-91 (citations omitted).
[7] *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 514 (2002).

for more definite statement, is the appropriate vehicle to develop the facts of the case.[8]  In deciding whether to grant a Rule 12(e) motion, "[t]he trial judge is given considerable discretion."[9]

While Plaintiff's complaint lacks a detailed description of his claims against Nabors specifically, it contains enough information to provide Nabors with sufficient notice of the claims against it:  Plaintiff was discriminated against while working as a "3rd party" night cook for Nabors. *See* ECF No. 3 at 2.  Plaintiff's failure to provide his dates of employment with Nabors or identify the individuals who purportedly discriminated against him does not render his pleading so vague that Nabors cannot reasonably respond.  Rule 12(e) is not designed to address every lack of detail, and more specific information, including relevant dates, can be obtained through discovery.[10]

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Nabors' Motion for More Definite Statement (ECF No. 69) is DENIED.

New Orleans, Louisiana, this ____28th____ day of May, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[8] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) (stating that a party may not use a Rule 12(e) motion as a substitute for discovery).

[9] *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citation omitted).

[10] *See Charles E. Beard, Inc. v. Cameronics Tech. Corp.,* 120 F.R.D. 40,41 (E.D. Tex. 1988) (plaintiff was not required to plead with specificity particular dates of any agreement between parties or facts supporting various theories of recovery); *Galey v. Walters*, No. 14-153, 2015 WL 2169854, at *2 (S.D. Miss. May 8, 2015) (citation omitted) (exercising discretion to deny request for more definite statement where defendants could obtain specific dates through discovery); *Coleman v. H.C. Price Co.*, No. 11-2937, 2012 WL 1118775, at *7-*8 (E.D. La. Apr. 3, 2012) (noting that courts take both sides on the issue of a request for more definite statement of dates and that "courts have shown willingness to allow amendment if the date is definite, but have been less willing to allow amendment when dates are somewhat uncertain or when the events take place over a period of time.") (collecting cases); *City of DeQuincy v. Employers Mut. Cas. Co.*, No. 22-5822, 2023 WL 2604022, at *2 (W.D. La. Mar. 22, 2023) (denying motion for more definite statement because specific dates of plaintiff's production of certain materials to defendant were not necessary in petition, already known by defendant, and could be obtained by discovery. *But see Sherman v. Irwin*, No. 17-4061, 2018 WL 3632360, at *7-*8 (E.D. La. July 31, 2018) (granting Rule 12(e) motion where plaintiff failed to allege which of her constitutional rights had been violated in § 1983 action).