MINUTE ENTRY
CURRAULT, M. J.
AUGUST 28, 2024
**MJSTAR:  0:53**
Court Reporter: Cathy Pepper

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHNNY GODFREY, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7377 |
| FIRST STUDENT, ET AL. | * | DIVISION 2 |

The Court conducted a hearing on this date on nineteen (19) pending motions.  Pursuant to 28 U.S.C. § 636(c) and the unanimous consent of the parties, the matter was referred to a magistrate judge for disposition.  ECF No. 91.

Participating were:   Johnny Godfrey, Jr., *pro se* Plaintiff;
Lauren A Favret for Art Catering;
Malcolm Levy Leatherman for First Student, Inc.;
Brett Edward Emmanuel for Crosby Energy Services;
Madeline Grace Smith for Nabors Offshore Drilling;
Lawrence Joseph Sorohan, II, for ESS Support Services Worldwide;
Peter M. Mansfield, for U.S. Equal Employment Opportunity Commission;
Mark C. Carver for Gulf Coast Teaching Family Services, Inc.;
Jeffrey Allan Riggs & Kaylin E. Jolivette for AFNB Home Care, LLC; and
Martin Alan Stern for Kellen Matthews.

After careful consideration of the voluminous submissions, the parties' arguments, the record, and the applicable law, and for the reasons stated on the record, the Court ruled as follows:

The EEOC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 104) is GRANTED and all claims against this Defendant are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  In light of the dismissal on jurisdictional grounds, EEOC's Motion to Dismiss for Insufficient Service of Process (ECF No. 83) is DENIED AS MOOT.

Gulf Coast Teaching Family Services, Inc.'s Motion to Dismiss for Failure to State a Claim (ECF No. 43) is GRANTED and all claims against this Defendant are DISMISSED WITH PREJUDICE as time barred.

AFNB Home Care, LLC's Motion to Dismiss for Failure to State a Claim (ECF No. 112) is GRANTED, but Plaintiff is granted leave to amend his complaint within 21 days so that he may have the opportunity to assert the dates on which he filed a charge of discrimination and received a right to sue notice.  Failure to amend within this deadline will result in the dismissal of the asserted claim with prejudice.

Art Catering's Motion to Dismiss for Failure to State a Claim (ECF No. 147) is GRANTED and all claims against this Defendant are DISMISSED WITH PREJUDICE as time barred.

Kellen Mathews' Motion to Dismiss for Failure to State a Claim (ECF No. 41) is GRANTED and all claims against this Defendant are DISMISSED WITH PREJUDICE.

ESS Support Services Worldwide's Motion for Summary Judgment (ECF No. 62) is GRANTED and all claims against this Defendant are DISMISSED WITH PREJUDICE as time barred.

First Student, Inc.'s Motion to Dismiss for Failure to State a Claim (ECF No. 36) is GRANTED but Plaintiff is granted leave to amend his complaint within 21 days to allege sufficient facts in support of his discrimination claims.  Failure to amend within this deadline will result in the dismissal of the asserted claim with prejudice.

Crosby Energy Services, Inc.'s Motion to Dismiss for Failure to State a Claim (ECF No. 86) is GRANTED, but Plaintiff is granted leave to amend his complaint within 21 days to assert a breach of contract claim in the event that he has not received the amount promised in the signed

settlement agreement of April 26, 2019.  Failure to amend within this deadline will result in the dismissal of the asserted claim with prejudice.

Plaintiff Godfrey's Motion to Break Statute of Limitations (ECF No. 160) is DENIED. While the court is sympathetic to Mr. Godfrey's personal hardships, such hardships do not provide a basis for tolling an otherwise applicable statute of limitations.  *See Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 207 (5th Cir. 2017).  Nor has Plaintiff alleged facts supporting a finding that extraordinary circumstances prevented him from timely filing and he pursued his rights diligently, that he was misled or tricked by his adversary into allowing the deadline to pass, or that the EEOC misled him about the nature of his rights to file suit.  *See In re Deepwater Horizon*, No. 20-30673, 2021 WL 4888395, at* 2 (5th Cir. Oct. 19, 2021); *Heimeshoff v. Hartford Life & Accident Insurance Co.*, 571 U.S. 99, 114 (2013); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 & nn. 3-4 (1990); *Bernstein v. Maximus Federal Services, Inc.,* 63 F.4th 967, 970 (5th Cir. 2023).

Plaintiff Godfrey's Motion for Judgment on the Pleadings, Motion to Agree to Dismiss All Cases After I Receive Pay, Motion for Settlement and Recovery, Motion for Summary Judgment, Motion for Name Change, Motion for Severance Payments or Separation Pay, Motion for Stating Claim and Cause of Action, and Motion for Cause Of Action (ECF Nos. 157, 53, 99, 103, 107, 115, 117, and 158) are improper and without foundation, and thus DENIED.

AFNB Home Care, LLC's Motion to Substitute Pleading (ECF No. 156) is GRANTED. The Clerk of Court is directed to attach the revised pleading (ECF No. 156-3) to AFNB's Opposition Memorandum (ECF No. 146).

First Student, Inc.'s oral motion to redact counsel's personal address and cell phone number from the first page of Plaintiff's Opposition Memorandum (ECF No. 46) is GRANTED.  The Clerk

of Court is directed to seal the original Opposition Memorandum (ECF No. 46) and file the attached redacted version into the public record.

                                                           DONNA PHILLIPS CURRAULT
                                                    UNITED STATES MAGISTRATE JUDGE