UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHNNY GODFREY, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7377 |
| FIRST STUDENT, ET AL. | * | DIVISION 2 |

### ORDER AND REASONS

Pending before me is Plaintiff Johnny Godfrey, Jr.'s "Motion for Leave of court to submit" in which he seeks to file a "supplemental amended complaint for all dismissed parties and etc., appeal cases, in addition, statement of facts. Brief of notice." ECF No. 172. On August 28, 2024, this Court dismissed Plaintiff's claims against Gulf Coast Teaching Family Services, Inc., Art Catering, ESS Support Services Worldwide, and Kellen Mathews without leave to amend and dismissed his claims against AFNB Home Care, LLC, Crosby Energy Services, and First Student, Inc. with leave to amend. ECF No. 161. Since that time, Plaintiff has filed a Motion for Reconsideration, a Supplemental Memorandum in support of that Motion, and a Notice of Appeal of this Court's August 28, 2024, Order. *See* ECF Nos. 164, 166, and 171. While these matters are pending, Plaintiff now files this largely duplicative "Motion for Leave to Submit" which essentially repeats the same facts and asserts the same claims as previously addressed. The only new claim is a § 1983 claim premised on alleged Fourth and Fourteenth Amendment violations.

None of the defendants identified, however, is a state actor subject to suit under § 1983. Although the "court should freely give leave [to amend] when justice so requires"[1] under Rule

---

[1] Fed. R. Civ. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

15(a)(2), leave to amend is not automatic.[2] A court does not abuse its discretion by denying a request to amend where the proposed amendment would be futile.[3] Given that § 1983 applies only to "actions taken 'under color of' state law, custom, or usage,"[4] Plaintiff's proposed § 1983 claims against various private actors and a federal agency are futile, warranting denial of leave to amend. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Leave of court to submit" (ECF No. 172) is DENIED.

New Orleans, Louisiana, this ___6th___ day of September, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[3] *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer* 751 F.3d at 367 (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).
[4] *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, and 11*, 16 F.4th 1144, 1154 (5th Cir. 2021).