UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHNNY GODFREY, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7377  DIV. 2 |
| FIRST STUDENT, ET AL. | * | MAG. JUDGE CURRAULT |

### ORDER AND REASONS

On August 28, 2024, this Court ruled on 19 motions filed in this matter, 10 by Plaintiff and 9 by Defendants.  ECF No. 161.  Since that ruling, Plaintiff has filed 15 new motions.  First, Plaintiff filed a document entitled "Amended Complaint for defendant(s), dismissed, recalling order" (docketed as a Motion for Reconsideration) (ECF No. 164), supplemented by a filing entitled "Amend Statute of [L]imitations . . ." (ECF No. 166), as well motions for leave to file various documents and amended complaints.  *See* ECF Nos. 169-170, 182, 199-209.  Defendants have filed Opposition Memoranda to Plaintiff's requested reconsideration.  ECF Nos. 174-176, 178-181.  After filing the requests for reconsideration, Plaintiff also filed two Notices of Appeal. ECF Nos. 171, 194.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's requests for reconsideration, as amended and duplicated by his Motion to Reinstate Relief (ECF Nos. 164, 166, 208), are DENIED, Plaintiff's Motion for Leave to File Explanation (considered a supporting memorandum) (ECF No. 209) is GRANTED, Plaintiff's Motions for Leave to File Notice of Submission (ECF Nos. 170, 205) are GRANTED, Plaintiff's Motions for Leave to File Amended Complaints (ECF Nos. 182, 201, 202, 204) are GRANTED IN PART AND DENIED IN PART as stated herein, Plaintiff's Motions for Leave to File Amended Complaints (ECF Nos. 169, 199, 200, 203) are DENIED, Plaintiff's Motion for Leave to File

1

Default Judgment (ECF No. 206) is DENIED, and Plaintiff's Motion for Leave to Discard Second

Appeal (ECF No. 207) is DENIED WITHOUT PREJUDICE, all for the reasons stated herein.

## I.   **BACKGROUND**

Plaintiff Johnny Godfrey, Jr., alleges that he is an African American gay man. He filed

this *pro se*, *in forma pauperis* Title VII action against seven former employers,[1] the U.S. Equal

Employment Opportunity Commission ("EEOC"), and one of the former employer's attorneys,

Kellen Mathews. *See* ECF No. 3. He alleges that Defendants discriminated against him on the

bases of his race, color, and gender/sex by subjecting him to unequal terms and conditions of

employment, "unequal pay and etc.," and terminating his employment. *Id.* § III(A)-(D), at 6.

After numerous status conferences regarding service, and with assistance of the U.S. Marshal

Service, service was effected on all Defendants. ECF Nos. 65, 71, 76, 81. In accordance with

Fed. R. Civ. P. 12(a)(4), the Defendants filed Rule 12(b) motions rather than Answers. All parties

consented to trial by the undersigned magistrate judge in accordance with 28 U.S.C. § 636(c). *See*

ECF No. 91. Accordingly, the Court scheduled an August 28, 2024 hearing date to address the

numerous pending motions, including Defendants' Rule 12 motions. ECF Nos. 93, 106, 109, 119.

The Court heard oral argument on nineteen (19) pending motions, ten filed by Defendants

and nine filed by Plaintiff.[2] *See* ECF No. 161. After thoroughly reviewing the submissions and

---

[1] (1) First Student, Inc.; (2) Art Catering, Inc.; (3) Crosby Energy Services Inc; (4) Nabors Offshore Drilling; (5) ESS Support Services Worldwide; (6) AFNB Home Care, LLC, and (7) Gulf Coast Teaching Family Services, Inc.

[2] Pending before the court were (1) AFNB Home Care, LLC's Motion to Substitute Pleading; (2) EEOC's Motion to Dismiss for Insufficient Service of Process; (3) EEOC's Motion to Dismiss for Lack of Jurisdiction; (4) Gulf Coast Teaching Family Services, Inc.'s 12(b)(6) Motion; (5) AFNB Home Care, LLC's 12(b)(6) Motion; (6) Art Catering, Inc.'s 12(b)(6) Motion; (7) Kellen Mathews' 12(b)(6) Motion; (8) ESS Support Services Worldwide's Motion for Summary Judgment; (9) First Student, Inc.'s 12(b)(6) Motion; (10) Crosby Energy Service's 12(b)(6) Motion; (11) Plaintiff's Motion to Break Statute of Limitations; (12) Plaintiff's Motion for Judgment on the Pleadings; (13) Plaintiff's Motion to Agree to Dismiss All Cases after I Receive Pay; (14) Plaintiff's Motion for Settlement and Recovery; (15) Plaintiff's Motion for Summary Judgment; (16) Plaintiff's Motion for Name Change; (17) Plaintiff's Motion for Severance Payments or Separation Pay; (18) Plaintiff's Motion for Stating Claim and Cause of Action; and (19) Plaintiff's Motion for a Cause of Action or Right of Action. *See* ECF No. 161.

addressing the substance of the motions with the parties at the hearing, the Court orally ruled on

the motions, holding:

- Plaintiff's claims against the EEOC must be dismissed for lack of subject matter jurisdiction, mooting the improper service objection;

- Plaintiff's claims against Gulf Coast Teaching Family Services, Inc., Art Catering, ESS Support Services Worldwide must be dismissed as time barred, without leave to amend;

- Plaintiff's claims against opposing counsel Kellen Matthews must be dismissed for failure to state a claim, without leave to amend;

- Plaintiff's claims against AFNB Home Care, LLC, First Student, and Crosby Energy Services must be dismissed.  However, the Court granted Plaintiff leave to amend his complaint against AFNB Home Care, LLC within 21 days to provide an opportunity to plead the dates on which he filed a charge of discrimination and received a right to sue notice.[3]  Likewise, the Court granted Plaintiff leave to amend his complaint to set forth additional factual allegations as necessary to state a claim for discrimination claims against First Student and/or breach of contract claim against Crosby.[4]

- Plaintiff's Motion for Name Change (ECF No. 107) was unnecessary because he named the correct entity, which had appeared.  Thus, the Court denied his request to amend the complaint to the properly named party to an improperly named party.

- Plaintiff's Motion to Agree to Dismiss All Cases After I Receive Pay, Motion for Settlement and Recovery, Motion for Summary Judgment, Motion for Severance Payments or Separation Pay, Motion for Stating Claim and Cause of Action, Motion for Judgment on the Pleadings, and Motion for Cause Of Action (ECF Nos. 53, 99, 103, 115, 117, 157, and 158) were denied as improper and without foundation.

Two days before the scheduled oral argument, Plaintiff filed a document entitled "Break

Statute of Limitations 'Crosby Energy Services Inc.'"  ECF No. 160.  During the hour-long hearing

---

[3] Plaintiff filed what may be characterized as an Amended Complaint against AFNB Homecare, Inc. on August 28, 2024.  ECF No. 163.  Defendant has not yet filed a response.
[4] Plaintiff filed another form "Complaint for a Civil Case Alleging Breach of Contract" against some of the Defendants.  ECF No. 182.  Plaintiff filed same within the deadline previously granted and thus, the Court grants leave to file the Complaint as to Crosby only.  To the extent the Complaint purports to re-assert the previously dismissed claims against other Defendants, leave to file same is denied.

and in subsequent Minute Entry, the Court explained that, while sympathetic to Mr. Godfrey's personal hardships, the Fifth Circuit has explained that these types of hardships are insufficient to provide a basis for tolling an otherwise applicable statute of limitations. ECF No. 161. The Court also noted that Plaintiff had not alleged facts indicating (a) that extraordinary circumstances prevented him from timely filing suit or that he pursued his rights diligently, (b) that he was misled or tricked by his adversary into allowing the deadline to pass, or (c) that the EEOC misled him about the nature of his rights to file suit. *Id*.

Plaintiff has filed numerous documents apparently seeking reconsideration of the Court's decision to dismiss his claims against certain defendants as time barred and its denial of his request for equitable tolling. *See* ECF Nos. 164, 166.[5] Defendants respond to the motion, addressing the request for reconsideration under both Rule 59(e) and/or Rule 60(b). ECF No. 174 at 2-3; No. 175 at 2-4; No. 176 at 1-2; No. 178 at 1-2; No. 179 at 1-2; No. 180 at 1; No. 181 at 1-3; No. 183 at 1.

## II.   APPLICABLE LAW

### A. Motions for Reconsideration

Initially, the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.[6] Of course, district courts have considerable discretion in deciding whether to reconsider a prior interlocutory order.[7] "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion

---

[5] Although Plaintiff has also filed two Notices of Appeal (ECF Nos. 171, 194), which would ordinarily divest the court of jurisdiction over the case (*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (noting that the filing of a notice of appeal is an event of jurisdictional significance that confers jurisdiction on the appellate court and divests the district court of its control over those aspects of the case)), this Court retains jurisdiction to address the reconsideration request under FED. R. APP. P. 4(a)(4)(A), (B).

[6] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)) ; *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th 1998)).

[7] FED. R. CIV. P. 54(b).

under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."[8]
"The general practice of [courts in the Eastern District of Louisiana] has been to evaluate [Rule
54(b)] motions to reconsider interlocutory orders under the same standards that govern Rule 59(e)
motions to alter or amend a final judgment," balancing the interests of justice with the need for
finality.[9]  Courts consider four factors in deciding a motion to reconsider under Rule 59(e).
Whether (1) the motion is necessary to correct a manifest error of law or fact upon which the
judgment is based; (2) the movant presents newly discovered or previously unavailable evidence;
(3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by
an intervening change in controlling law.[10]

    A motion to reconsider, whether analyzed under Rule 54(b), Rule 59(e), or Rule 60(b),
"serve[s] the narrow purpose of allowing a party to 'correct manifest errors of law or fact or to
present newly discovered evidence.'"[11]  It is not the proper vehicle for rehashing evidence, legal
theories, or arguments.[12]  Nor should a motion for reconsideration be used to raise arguments that
could have and should have been made before entry of an order or to re-urge matters that have
already been advanced by a party.[13]  When there exists no independent reason for reconsideration
other than mere disagreement with a prior order, reconsideration is a waste of judicial time and
resources and should not be granted.[14]  Plaintiff does not assert that reconsideration is necessary

---

[8] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002) (citations omitted); *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (noting a Rule 59(e) motion "calls into question the correctness of a judgment"). District courts have "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

[9] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.).

[10] *Gulf Island Shipyards, LLC v. LaShip, LLC,* No. 22-154, 2024 WL 1794361, at *3 (E.D. La. Apr. 25, 2024) (Fallon, J.) (quoting *Henry v. New Orleans La. Saints, L.L.C.,* No. 15-5971, 2016 WL 3524107, at *2 (E.D. La. June 28, 2016) (Barbier, J.); *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998) (Clement, J.)).

[11] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)).

[12] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[13] *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).

[14] *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 481.

to correct a manifest error of law or fact, present newly discovered or previously unavailable evidence, or argue that an intervening change in the law warrants reconsideration.  He simply disagrees with the Court's decision.  Plaintiff has not established that reconsideration of this Court's August 28, 2024 decision is appropriate.

### B.  Equitable Tolling

Plaintiff seeks reconsideration of the court's decision not to equitably toll his time barred claims based on Crosby Energy Services, arguing that personal hardships prevented him from timely filing suit.  ECF No. 160.  Federal courts apply the doctrine of equitable tolling "sparingly,"[15] and it is only available in "exceptional circumstances."[16]  For the court to apply equitable tolling, Plaintiff must demonstrate that (1) extraordinary circumstances prevented him from timely filing and that (2) he pursued his rights diligently.[17]  The party seeking equitable tolling bears the burden of satisfying these requirements.[18]  Further, any equitable tolling would end when Plaintiff had knowledge of sufficient facts to end the estoppel.[19]

In the context of Title VII claims, "[t]he ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations . . . [and thus] is subject to equitable tolling."[20]

---

[15] *In re Deepwater Horizon*, No. 20-30673, 2021 WL 4888395, at* 2 (5th Cir. Oct. 19, 2021) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to . . . a garden variety claim of excusable neglect.")).

[16] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citation omitted).

[17] *In re Deepwater Horizon,* 2021 WL 4888395, at *2 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 114 (2013) (citing *Irwin,* 498 U.S. at 95) ("To the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply.").

[18] *In re Deepwater Horizon,* 2021 WL 4888395, at *2 (citing *Pace*, 544 U.S. at 418); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418); *see also Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (citation omitted) (noting a litigant will qualify for equitable tolling only if he "has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action") (citation omitted).

[19] *See Spearman v. Stephen*, 797 F. App'x 904, 905 (5th Cir. 2020) (citing *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015).

[20] *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (citing *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 n.3 (1983)); *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 971 (5th Cir. 2023).

Equitable tolling, however, applies "only in rare and exceptional circumstances."[21]  Courts have typically extended equitable tolling where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."[22]  Equitable tolling also may be warranted when "the EEOC misleads the plaintiff about the nature of his rights" by providing the plaintiff with information that is "affirmatively wrong"[23] or when the delays are attributable to the EEOC.[24]  "But neither 'lack of knowledge of applicable filing deadlines . . . [nor] unfamiliarity with the legal process nor . . . lack of representation . . . [nor] ignorance of legal rights . . . [is] a basis for tolling.'"[25]  Likewise, even extreme personal hardships are insufficient to support "tolling an otherwise applicable statute of limitations."  *See Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 207 (5th Cir. 2017) (rejecting claim of equitable tolling by plaintiff alleging civil conflict in Nepal and other personal hardships precluded them from filing suit).

Although Plaintiff describes his personal hardships, he makes absolutely no allegation that any of the defendants induced or tricked him into allowing the statute of limitations to expire or that he actively pursued his judicial remedies by filing even a defective pleading during the statutory period.  Likewise, he does not suggest that the EEOC misled him about the nature of his rights, provided information that was affirmatively wrong, or otherwise experienced delays attributable to the EEOC.  Given that Plaintiff filed suit against former employers many years after his employment ended and those claims being time-barred on the face of the complaint, coupled

---

[21] *Harris*, 628 F.3d at 239 (quoting *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002)).
[22] *Irwin*, 498 U.S. at 96 & nn. 3-4 (1990).
[23] *Bernstein*, 63 F.4th at 970 (quoting *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (cleaned up); *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002)).
[24] *Weathers v. Hous. Methodist Hosp.*, No. 23-20536, 2024 WL 4038084, at *5 (5th Cir. Sept. 4, 2024).
[25] *Patton v. Bodacious Bar & Q*, No. 22-6040, 2024 WL 3330615, at *1 (W.D. La. July, 8, 2024) (quoting *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

with the total absence of any allegations to support any basis for finding either extraordinary circumstances or diligent pursuit, dismissal of the time-barred claims is proper.

### C.  **Plaintiff's Motions for Leave to  File Amended Complaints**

Plaintiff has filed numerous documents that are properly characterized as Motions for Leave to File Amended Complaints, to which he attaches form Complaints against some of the named Defendants as well as additional parties.  ECF Nos. 169, 182, 199-204.

Initially, Plaintiff's "Grant Leave for Permission to Submit Court Documents" appears to be a request for leave to re-assert his dismissed claims against the EEOC.  ECF No. 169-1.  Plaintiff does not, however, address the basis for the dismissal of Plaintiff's claims against the EEOC: sovereign immunity.  As such, his requested amendment is futile.

In many of the other amended complaints, Plaintiff not only re-asserts the same claims previously addressed by the court on August 28, 2024, but he appears to seek to join additional parties identified throughout the proposed amended complaints as either former supervisors or co-workers.  Plaintiff's effort to assert Title VII claims against former supervisors and co-workers is futile.  As the Fifth Circuit has made clear, individual co-workers or supervisors cannot be held liable under Title VII in either their individual or official capacities.[26]  Rather, the purpose of Title VII is to protect employees from their employers' unlawful actions.[27]  In short, Title VII does not provide a basis for a cause of action against a non-employer.[28]

---

[26] *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)); *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (citation omitted).
[27] *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011).  A Title VII employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."  42 U.S.C. § 2000e(b); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (citations omitted) (holding that, although Title VII defines employer to include an "agent" of the employer, this language does not impose individual liability on agents but rather serves to incorporate *respondeat superior* liability into Title VII such that a Title VII suit against an employee is actually a suit against the employer).
[28] *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020) (citation omitted); *see also Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (citing 42 U.S.C. § 2000e(b)'s definition of employer) (stating "relief

With regard to ESS Support Services Worldwide, Gulf Coast Teaching, and Art Catering (ECF Nos. 199, 200, 203), the Court dismissed Plaintiff's claims against these entities as time-barred,[29] noting Plaintiff's failure to allege any facts that could support equitable tolling. Plaintiff's proposed amendments are based on the same allegations, fail to recognize that the claims are untimely, and again fail to set forth any recognized basis for equitable tolling. Plaintiff's efforts to re-assert the previously dismissed claims against these Defendants is inconsistent with the Court's prior ruling and improper. Likewise, for the reasons stated above, Title VII does not provide a cause of action against former co-workers. Accordingly, the motions for leave seeking to file amended complaints against ESS Support Worldwide, Gulf Coast Teaching, and Art Catering must be denied.

Plaintiff also seeks leave to file amended complaints against Crosby, AFNB, and First Student. As to Crosby, he files two, largely duplicative motions.[30] Plaintiff filed a document that could be characterized as an Amended Complaint against AFNB Homecare, Inc. on August 28, 2024. ECF No. 163. Having been granted leave to do so, that document was docketed. Plaintiff

---

under Title VII is available only against an employer, not an individual supervisor or fellow employee"); *Deal v. State Farm Cnty. Mut. Ins. Co.,* 5 F.3d 117, 118 n.2 (5th Cir. 1993) (holding that a plaintiff must allege that the defendant fits within the statutory definition of "employer" and has an employment relationship with the plaintiff to state a Title VII claim) (citations omitted).

[29] Plaintiff worked for ESS in July 2019, filed an EEOC charge on October 29, 2019, and received a right to sue letter on August 17, 2020. ECF Nos. 62-3, 62-4, 62-5. As to Gulf Coast, Plaintiff failed to file suit within 90 days of the EEOC's October 22, 2022, notice of rights letter and/or failed to file a new charge within 300 days of his November 7, 2022, termination. ECF No. 185; *see also* ECF Nos. 43, 161. Plaintiff worked for Art Catering between April 14 – June 12, 2021, filed an EEOC charge against Art Catering/Nabors Offshore Drilling on September 28, 2021 (ECF Nos. 147-2 at 7-8), and after a negotiated settlement, received a right to sue letter on April 19, 2022. ECF Nos. 147-2 at 7-8; No. 147-3; No. 147-4.

[30] ECF Nos. 182 and No. 204 both reflect a form "Complaint for a Civil Case Alleging Breach of Contract" against some of the Defendants, which filings are virtually identical except for one handwritten addition on ECF No. 204-1 at 4. In 2018, six years ago, Plaintiff appears to have filed a timely EEOC charge against Crosby, after which during the EEOC mediation process, he agreed to settle that claim. ECF No. 86-3 at 2; No. 86-4 at 2-3; No. 86-5 at 2-9. After signing the April 26, 2019, settlement documents, which affirmatively state that he had been "advised by the RELEASED PARTIES to consult with an attorney before signing . . ., and have been given an opportunity to do so" (ECF No. 86-5 at 5), Plaintiff apparently changed his mind. Then, almost four years later, he filed this suit. Plaintiff's continued demands for $20 million not only disregards the settlement agreement that he signed but also ignores the statutory cap on monetary damages available under Title VII. 42 U.S.C. § 1981a(b)(3) (specifying a range of monetary caps on recovery of $50,000 for small employers and up to $300,000 for large employers).

later filed a Motion for Leave to File Amended Complaint against AFNB.  ECF No. 202.  In addition, Plaintiff seeks leave to file an Amended Complaint against First Student.  ECF No. 201.

During the August 28, 2024 hearing, the Court granted these defendants' motions seeking dismissal but granted Plaintiff 21 days within which to file an amended complaint to overcome the alleged time-bar and other identified deficiencies.  ECF No. 161.  As Plaintiff sought to amend his claims against Crosby, AFNB and First Student within the 21-day deadline, the Court will grant leave to file the Amended Complaints as to these three defendants only and require them to respond to same, which response may either by via Answer or Rule 12 or 56 motion.

In addition to amending the claims against Crosby, AFNB and First Student, as allowed by the August 28, 2024 decision, however, Plaintiff also seeks to add claims against several former co-workers or supervisors.  For the reasons previously stated, the Fifth Circuit has made clear that Title VII does not support a claim against a former co-worker or supervisor.  Accordingly, Plaintiff is denied leave to assert these new Title VII claims against new former co-worker parties.

### D.  Other Filings

Plaintiff's Motion for Leave to File Request for Default Judgment (ECF No. 206) is procedurally improper.  In accordance with Fed. R. Civ. P. 12(a)(4), Defendants filed Rule 12(b) motions rather than Answers.  As such, they properly responded and are not subject to default.

Plaintiff seeks to withdraw his second appeal and keep his first appeal.  ECF No. 207.  This relief must be sought in the appellate court.

Plaintiff's Motion for Leave to File Explanation (ECF No. 209) appears to be a Memorandum in Support of his request for Leave to File Amended Complaints (ECF Nos. 199-204).

III.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Reconsideration, as supplemented, and Motion to Reinstate Relief (ECF Nos. 164, 166, 208) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motions for Leave to File Notice of Submission (ECF Nos. 170, 205) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motions for Leave to File Amended Complaints (ECF Nos. 182, 201, 202, 204) are GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiff's Motions for Leave to File Amended Complaints (ECF Nos. 169, 199, 200, 203) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Default Judgment (ECF No. 206) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Discard Second Appeal (ECF No. 207) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Explanation (considered a supporting memorandum) (ECF No. 209) is GRANTED.

New Orleans, Louisiana, this _____23rd_____ day of September, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE